UNITED STATES of America,
Appellee,

v.

Tony VAUGHN, a/k/a Bilal Salahuddin,
Defendant–Appellant.

No. 05–1634.

United States Court of Appeals,
Second Circuit.

Dec. 15, 2005.

William H. Paetzold, Moriarty & Paetzold, LLC, Glastonbury, CT, for Appellant.

John A. Danaher III, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, William J. Nardini, Assistant United States Attorney, on the brief), United States Attorney's Office for the

District of Connecticut, New Haven, CT, for Appellee.

PRESENT: JON O. NEWMAN, JOSE A. CABRANES, and PETER W. HALL Circuit Judges.

## SUMMARY ORDER

Defendant appeals from a March 23, 2005 judgment of the District Court sentencing him principally to forty-eight months' imprisonment following defendant's plea of guilty to one count of conspiracy to commit fraud in connection with identification documents and a second count of possessing a document-making implement.

We assume the parties' familiarity with the underlying facts and procedural history.

Defendant Sallahuddin [1] was indicted after he and two associates were found by police, following a traffic stop, in possession of various false identification cards as well as equipment to produce such cards. They also possessed real identification cards which had been stolen from their owners. Following his plea of guilty to two counts of the indictment, the District Court determined his sentence under the advisory United States Sentencing Guidelines ("U.S.S.G."), finding that the guideline range was forty-one to fifty-one months' imprisonment. The District Court then found that a Guidelines sentence was appropriate in this case and sentenced Sallahuddin principally to forty-eight months' imprisonment.

■ Defendant contests on appeal two findings of the District Court, each of which enhanced defendant's adjusted offense level by two points. First, he objects to a two-point enhancement under

U.S.S.G. § 2B1.1(b)(9)(c) upon a finding that his offense "involved sophisticated means." Because his objection consists of a challenge to the facts found by the District Court, we review for "clearly erroneous" findings. *United States v. Vasquez*, 389 F.3d 65, 75 (2d Cir.2004). Here, the District Court was not erroneous, much less clearly erroneous. Substantial evidence in support of the finding includes that defendant was found with a specialized identification card printer, a laptop computer loaded with software used to forge identification cards as well as images of state seals, and an electronic pad used to input digitized signatures onto false identification cards. Defendant produced false drivers' licenses from multiple states bearing the names, birth dates and license numbers of victims along with photographs and physical descriptions of a co-conspirator.

■ Sallahuddin objects as well to a two-point enhancement under U.S.S.G. § 3B1.1(c) upon a finding by the District Court that "defendant was an organizer, leader, manager, or supervisor" of the offenses. Again, we review for "clearly erroneous" findings because defendant challenges the factual determinations of the District Court. Here as well we find no error, much less clear error. Substantial evidence supporting the District Court's finding includes that defendant's luggage contained the identification-making equipment found by police, testimony to the effect that defendant recruited a co-conspirator to join him when another co-conspirator fell ill and could not perform her role in the crimes, and defendant's long career as a thief. In addition, some of defendant's statements before the court

---

1. Defendant is referred to alternatively as "Vaughn" and "Sallahuddin" in case docu-

ments. For consistency, we refer to him throughout this order as "Sallahuddin."

seemed implausible in light of other evidence.

We have considered all of petitioner's arguments and find them without merit. Substantially for the reasons stated by the District Court, the judgment of the District Court is AFFIRMED.